IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GALLUP MCKINLEY COUNTY SCHOOLS
BOARD OF EDUCATION ,
   Respondent/Appellant,

  vs.                       No. 16-01336-JTM-LF

FABIAN AND ROMALDA GARCIA,
  *Parents of L.G., Student*,
   Petitioners/Appellees,

*and*

FABIAN AND ROMALDA GARCIA,
  *Parents on Behalf of L.G.*,
   Plaintiffs,

  vs.                       No. 16-01337-JTM-LF

BOARD OF EDUCATION OF GALLUP-MCKINLEY
COUNTY SCHOOL DISTRICT,
   Defendant.


MEMORANDUM AND ORDER


  By prior Order (No. 16-1336-JTM, Dkt. 31), the court upheld the position of the parents, Fabian and Romalda Garcia, in their contest with the Gallup-McKinley County School District over the required fair education opportunity to be accorded the Garcia's son, L.G. The court sustained the decision of the administrative hearing Due Process Officer who determined that the District was required to provide certain services to L.G.,

and denied the District's appeal from that decision. The matter is now before the court on the parents' motions for attorney fees and costs in the consolidated actions. The parents seek a total fee award of $33,000.

The court finds that the parents are the prevailing parties in the litigation, and are entitled to a fee award pursuant to 20 U.S.C. §1415(i)(3)(B)(i)(I). This work reflects time spent at the administrative level, during the course of the consolidated actions before this court, and in conjunction with the request for fees. The parents prevailed in obtaining relief following the three-day administrative hearing conducted in September, 2016, and filed a time request for fees as a result of the hearing. The present consolidated actions arise from the District's appeal of the Hearing Officer's decision, and the parents' separate action for recovery of the requested fees. The parents showed their entitlement to additional IDEA accommodation to give L.G. the educational benefit and services needed to address his speech and behavioral issues. As a result, they are entitled to reasonable compensation. *See R.M-G. v. Bd of Educ.*, 2016 U.S. App. LEXIS 6869 (10th Cir. 2016).

The court finds the requested fee amount is reasonable. Although the $275 hourly rate sought by the parents is substantial, the court finds the rate is nonetheless reasonable in light of the evidence showing that it is the standard rate charged by counsel, as well as the specialized nature of IDEA administrative procedures. (Dkt. 8-1). Further, the court takes note of the extensive record generated by the administrative hearing and by the appeal to this court. Given this background, the 111.5 hours expended by counsel is also reasonable. The evidence further shows that in November of 2016, the parents attempted to compromise the action and the fee recovery for approximately two-thirds the present

amount, an offer which would have ended this dispute without the extensive briefing and argument presented in the consolidated District Court actions.

The District opposes the requested award (Dkt. 33), but the court finds no substantial ground for denying the relief sought. The District asserts that that the time spent by the parents is excessive, contends that the issues were "straightforward" (*id*. at 3), and stresses that the parents obtained only prospective relief at the administrative level. The first assertion is purely conclusory, the second is not supported by the history of the case. Even if some of the legal principles involved in the action were not highly technical, the parents were forced to marshal a very extensive evidentiary record, and then present and explain that record before multiple tribunals. The District provides no authority for the contention that parents should not recover reasonable and necessary fees solely because they obtained relief that was prospective in nature.

Again, the evidence shows that the $275 hourly rate is the standard fee charged by counsel, who specializes in IDEA actions. The rate does not exceed "the hourly rate prevailing in the community for similar services by attorneys of reasonable comparable skills, reputation and experience." *See* 20 U.S.C. §1415(i)(3)(C). Further, as to the total overall award, to characterize the administrative record as extensive is to engage in a massive understatement. The parents presented a series of necessary corrective procedures for L.G.'s education, and sustained the need for those procedures at the administrative level and before this court in the face of a strong and multifaceted defense by the District. The award of fees is appropriate and just under the IDEA framework. *See* §1415(i)(3)(B). *See also Endrew F. v. Douglas Cnty. Sch. Dist. RE-1*, 137 S.Ct. 988, 999 (2017)

(IDEA should be interpreted "to remedy the pervasive and tragic academic stagnation that prompted Congress to act").

Finally, the court rejects the District's final argument, which contends IDEA only permits the "reimbursement" of fees previously paid by parents. Again, the District supplies no authority for this argument, and the text of the IDEA statute does not limit to right to fees to "reimbursement." Rather, as noted earlier, parties who prevail on their claims (as the parents have here) are entitled to compensation. *See* 20 U.S.C. §1415(i)(3)(B)(i)(I).

IT IS ACCORDINGLY ORDERED this day of March, 2020, that the court grants the parents' Motions for Attorney Fees (No. 16-1336-JTM, Dkt. 32; No. 16-1337-JTM, Dkt. 8) in the consolidated actions; the Board of Education's Motion for Extension of Time (No. 16-1337-JTM, Dkt. 9) is granted.

s/ J. Thomas Marten
J. Thomas Marten, Judge